UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBORAH WASHBURN, INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE OF
RICARDO VELORIS WASHBURN,                                        PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:09-CV-854-S

GOVERNMENT EMPLOYEES INSURANCE COMPANY,              DEFENDANT

## MEMORANDUM OPINION

Plaintiff's husband (the decedent Ricardo Washburn) was shot and killed during the commission of the theft of his car on September 10, 2008. The complaint asserts causes of action under the plaintiff's car insurance policy and Kentucky insurance law. Defendant Government Employees Insurance Company ("GEICO") has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). A complaint "only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). While we must take the complaint's factual allegations as true in making this assessment, we need not accept the truth of legal conclusions or draw unwarranted factual inferences. *DirectTV, Inc.* 487 F.3d 271, 476 (6th Cir. 2007); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). In addition, because plaintiff's insurance policy with GEICO is central to her claims and is attached as an exhibit to the complaint, it is considered part of the pleadings and is a proper basis for our decision. Fed. R. Civ. P. 10(c). The parties are diverse and more than $75,000 appears to be at stake, so we have jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

GEICO argues that the complaint must be dismissed because it has no liability under the insurance contract. We agree. The complaint cites no section of the policy under which plaintiff

claims recovery. Plaintiff's response brief likewise cites no specific language, insisting instead that the plaintiff validly demanded payment "under the policy." But one cannot simply cite "the policy" and expect to recover. Section I of the policy obliges the insurer to "pay damages which an insured becomes legally obligated to pay" as a result of bodily injury or property damage "arising out of the ownership, maintenance or use of the owned auto." (Pl.'s Ex. A at 3 (emphasis omitted).) That is, it covers claims made by others resulting from its owner's use of her vehicle. Had the plaintiff run over a third party and been sued, GEICO would have been required to pay any damages assessed against her. Section I is not applicable here, because no one has a damages claim against the plaintiff.

Section II is no more apposite. It provides "protection for you and your passengers for medical expenses," but is limited to "bodily injury caused by accident." (*Id.* at 6 (emphasis omitted).) While the shooting and the decedent's death are certainly tragic, they can hardly be said to be the result of a covered "accident." The policy plainly does not cover every "accident" that might befall a policyholder: she could not recover from GEICO after slipping and falling at the grocery store. The language is obviously limited by its context to accidents resulting from the operation of the vehicle. And even if it were not, shooting a victim in the head during a robbery attempt is not an "accident" under a normal understanding of the word. It is a deliberate criminal act, and not one for which GEICO is liable. Similarly, Section VI provides for personal injury protection benefits, but applies only to injury "caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle." (*Id.* at 14 (emphasis omitted).) While we suppose that the decedent's decision to drive to the nightclub outside of which he was shot was a "but for" cause of

his death, it is plain that the legal cause was his assailant and not the use of his vehicle. No other portion of the insurance policy appears relevant, and we conclude that the shooting was not covered.

The result of this conclusion is that the whole of the complaint fails. Count I alleges various violations of KRS 304.12-230, which bars unfair claim settlement practices. The Kentucky Supreme Court has found no cause of action implied in section 230 itself; instead, violations are recoverable under KRS 446.070.[1] *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988). But that cause of action requires proof of actual damages, and the plaintiff here has identified none outside of her erroneous claim to benefits under the auto insurance policy. Count II asserts a violation of KRS 304.12-235, which requires that claims be promptly paid once notice and proof of claim are provided. Because no claim has been or could have been proved here, there is no possibility of recovery. Count III is for breach of contract, but for reasons that should now be clear that is a losing argument. Count IV alleges that the defendant "has committed unfair, false, misleading and deceptive practices in the conduct of its business" in violation of KRS 367.110. (Compl. ¶ 5.) However, it alleges no specific facts to back up this claim, and we do not see how it can prevail in light of the foregoing. Count V's claim for punitive damages obviously fails without a substantive cause of action on which to rely.

Nothing in the complaint presents a claim for relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. We will therefore dismiss it by separate order.

---

[1] "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."